IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JAMES MUDD,** *et ux.*, | \* | |
|     **Plaintiffs,** | \* | |
| v. | \* | Case No.: PWG-14-2310 |
| **COMCAST OF MARYLAND, LLC,** | \* | |
|     **Defendant.** | \* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs James A. Mudd, Jr. and Kathern C. Mudd filed suit in the Circuit Court for Charles County against Comcast Cable of Maryland, LLC; Comcast Cable Communications Management, LLC; and Comcast Broadband Security, LLC ("Original Defendants") on March 5, 2014. Compl., ECF No. 2; Notice of Removal, ECF No. 1. They lodged claims of trespass to land and negligence, alleging that the Original Defendants dug a trench on their property to lay cable, without their permission, and in doing so, severed the roots of a red oak tree that now "is in the process of dying." Compl. ¶¶ 10–15. Plaintiffs claimed that the Original Defendants acted maliciously because they had been "advised not to enter upon the property." *Id.* ¶ 16. They sought $74,500 in compensatory damages as well as punitive damages. *Id.* at 5. The Original Defendants were served on March 11, 2014 and filed answers on May 6, 2014. Pls.' Mot. 1, 3.

After learning that none of the Original Defendants was "the correct party defendant who provided cable service at the subject location at the relevant time and who could possibly be liable for any damages claimed," Plaintiffs "filed a Line of Amendment by Interlineation substituting the correct entity of Comcast of Maryland LLC and deleting the three incorrectly

named defendants." Notice of Removal ¶ 1.  Plaintiffs served Defendant Comcast of Maryland LLC ("Comcast") on June 19, 2014.  *Id.*  Comcast removed the suit to this Court on July 18, 2014 under 28 U.S.C. § 1441, stating that "there is complete diversity of citizenship . . . and even though Plaintiffs' Complaint seeks compensatory damages in the . . . amount of $74,500, Plaintiffs also seek punitive damages, such that the amount in controversy exceeds the amount specified in [28 U.S.C.] section 1332(a)."  *Id.* ¶¶ 4, 7.  Plaintiffs have filed a motion to remand to state court.  ECF No. 19.  They contend that Comcast's removal was untimely and, in any event, the amount in controversy is less than that which § 1332(a) requires.  Comcast opposes their motion.  Def.'s Opp'n & Resp. to Order to Show Cause, ECF No. 23.  Because I find that Comcast's motion was timely and that the amount in controversy meets this Court's jurisdictional minimum, I deny Plaintiffs' motion to remand.

    **I.    TIMELINESS**

Plaintiffs insist that Comcast's removal was untimely, arguing that "[t]he proper time for removal, at the latest, would have been within thirty (30) days of May 6, 201[4] which was the date Counsel for Defendant unilaterally chose to answer the complaint."  Pls.' Mot. 3–4.  They contend that the thirty-day removal window could not have begun at the later date of June 19, 2014, when Comcast was served, because that was not when Comcast "first became aware of removability," given that Defense counsel "advised [Plaintiffs' counsel] that the 'correct Comcast entity' was 'Comcast of Maryland LLC'" on April 15, 2014, more than two months prior to the date of service.[1]  *Id*. at 2–4.

---

[1] To explain the time lapse between learning the name of the "correct Comcast entity" and effecting service, Plaintiffs assert that Defense counsel originally incorrectly identified the proper defendant and did not disclose the correct name until June 18, 2014.  Pls.' Mot. 2–3.

Plaintiffs do not provide any legal authority to support their argument. Perhaps this is because the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011), overruled the case law that supported their interpretation of the statute governing timeliness of removal, 28 U.S.C. § 1446. *See Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at *1, *12–13 (D. Md. July 11, 2013). Prior to the enactment of the JVCA, § 1446(b) provided:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (1988). Three common law rules developed to explain how to apply the thirty-day window in multi-defendant cases. *Moore*, 2013 WL 3683838, at *12. In the Fourth Circuit, the "'*McKinney* Intermediate Rule' articulated in *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th Cir. 1992)," applied and provided that "'a notice of removal [had] to be filed within the first-served defendant's thirty-day window, but ... later-served defendants [were afforded] thirty days from the date they were served to join the notice of removal.'" *Moore*, 2013 WL 3683838, at *12 (quoting *Barbour v. Int'l Union*, 640 F.3d 599, 607 (4th Cir. 2011) (en banc) (abrogated in part by JVCA)).

To resolve the circuit split, the JVCA adopted a different rule, "the Last-Served Defendant Rule," which stated that "'"each defendant, upon formal service of process, [was

---

Inexplicably, Plaintiffs state that "Comcast of Maryland LLC" was not the correct entity, even though Comcast of Maryland LLC is now Defendant in this case.

entitled to] thirty days to file a notice of removal pursuant to § 1446(b)" and "[e]arlier-served defendants may choose to join in a later-served defendant's motion or not."'" *Id.* (quoting *Barbour*, 640 F.3d at 609 (citation omitted)). Section 1446(b) now provides

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Simply put, "[e]ach defendant has thirty days from the date of service to file a notice of removal," *Moore*, 2013 WL 3683838, at *13, and an earlier-served defendant's failure to remove does not preclude a later-served defendant from removing. *See* 28 U.S.C. § 1446(B)(2)(B)–(C), (3). The date of service of the relevant pleading, and not when the defendant learned that the case is removable, starts the thirty-day window. *See id.*

Here, Comcast was served on June 19, 2014 and it removed this case pursuant to § 1441(a).[2]  Therefore, its July 18, 2014 removal was timely pursuant to 28 U.S.C.

---

[2] Although Comcast only cites "§ 1441" generally, Notice of Removal ¶ 4, it is § 1441(a) that provides for removal based on original jurisdiction in federal court, while the other subparts define the mechanisms of and requirements for such removal.

§ 1446(b)(2)(B).  *See* 28 U.S.C. § 1446(b)(2)(B); *Moore*, 2013 WL 3683838, at *12–13.[3] Indeed, given that the Original Defendants did not have to have filed notices of removal already for Comcast to file a timely notice of removal, *see* 28 U.S.C. § 1446(b)(2)(C), a requirement that Comcast remove the case before it was served—that is, before it was a party to the case—would be illogical.

## II.    AMOUNT IN CONTROVERSY

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ."  When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Comcast has established that the parties are diverse, and Plaintiffs do not argue otherwise.  *See* Notice of Removal ¶¶ 2–3; Def.'s Resp. to Standing Order ¶ 2, ECF No. 16; Def.'s Opp'n & Resp. to Order to Show Cause 10; *see generally* Pls.' Mot.  Rather, Plaintiffs insist that punitive damages cannot be aggregated to arrive at a jurisdictional amount over the requisite $75,000, unless Comcast concedes that it acted willfully, such that it is liable for punitive damages.  Pls.' Mot. 5.  They rely on *Joy Family Limited Partnership v. United*

---

[3] To the extent necessary, the Original Defendants consented to this removal.  Notice of Removal ¶ 1.

*Financial Banking Cos.*, No. ELH-12-3741, 2013- WL 4647321 (D. Md. Aug. 28, 2013), for this proposition, but Plaintiffs misread *Joy Family*.

The focus on the amount-in-controversy analysis in *Joy Family* was the availability of punitive damages as a matter of law. *See id.* at *6–14. The court concluded that the plaintiff "failed to establish that the amount in controversy in th[at] action exceed[ed] the jurisdictional threshold of $75,000" because "punitive damages [were] not available, as a matter of law." *Id.* at *14. In so concluding, the court observed that "'claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined,'" as punitive damages only can be recovered under Maryland law if there is actual malice. *Id*. at *9 (quoting *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983); citing *Scott v. Jenkins*, 690 A.2d 1000, 1004 n.3 (Md. 1997))). Thus, "when a plaintiff's complaint demands punitive damages but asserts claims upon which punitive damages cannot be awarded as a matter of law, the claim for punitive damages cannot be aggregated to satisfy the jurisdictional threshold." *Id.* at *9.

It is true that, as noted in *Joy Family*, "where 'a plaintiff's complaint does not allege a specific amount in damages,' . . . the proponent of jurisdiction must 'prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Id*. at *7 (quoting *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509–10 (D. Md. 2002). But, *Joy Family* does not support Plaintiffs' conclusion that, to invoke diversity jurisdiction, Defendant must prove by a preponderance of the evidence that it acted with actual malice. To the contrary, Defendant must show by a preponderance of the evidence that Plaintiffs pleaded actual malice, that is "'ill will, fraud, intent to injury, or other mens rea exhibiting an evil motive or purpose,'" on a claim for which punitive damages are available as a matter of law, such that

they can be included in the amount in controversy to exceed the jurisdictional minimum. *See id.* (quoting *Scott*, 690 A.2d at 1004 n.3). Indeed, in *Joy Family*, Judge Hollander observed:

> Notably, [the proponent of jurisdiction] does not have to prove that [plaintiff] has actually sustained damages in excess of the jurisdictional threshold; it need only show that damages potentially in excess of the threshold are in controversy. . . . [t]he "jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it."

2013 WL 4647321, at *7 n.13 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). Again, logic dictates the same result, as a defendant removing a case pursuant to diversity jurisdiction (or on any other basis) likely would not want to demonstrate, against its own interests, that the plaintiff actually sustained damages.

As Defendant assert, *Bowers v. Bank of America, N.A.*, 905 F. Supp. 2d 697 (D. Md. 2012), "is directly on point." *See* Def.'s Opp'n 9. Bowers filed suit in state court, alleging various state law claims and claiming that "the bank 'systematically acted with carelessness, recklessness ... and with deliberate indifference.'" *Bowers*, 905 F. Supp. 2d at 699–700. He sought "$74,950, an amount conveniently fifty-one dollars less than the required amount in controversy," along with "'other amounts to be proven at trial'" and "'punitive damages.'" *Id.* at 700 (quoting complaint). The defendant removed to this Court on the basis of diversity jurisdiction, and the plaintiff moved to remand. *Id.* at 699.

> The Court observed:
>
> While, generally, "removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than [the lower amount stated in the complaint] if she prevailed," if "a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."

7

*Id*. at 700–01 (quoting *Momin*, 205 F. Supp. 2d at 509–10 (citations omitted)).  Applying this law, the Court stated that, "because Bowers pleads additional, nonspecific damages above the $74,950, BOA must only show by a preponderance of the evidence that he *could be entitled to* such punitive damages or 'other amounts to be proven at trial' if he prevails."  *Id.* at 701 (emphasis added).  The Court concluded that "the defendants have sufficiently demonstrated that, had Bowers prevailed, the amount in controversy would have exceeded the jurisdictional requirement" because "Bowers has pled deliberate wrongdoing and actual malice in his tort claims," and therefore, "if he were to have prevailed, Bowers could have been entitled to punitive damages."  *Id.*  On that basis, it denied the motion to remand.  *Id*.

Here, Comcast notes that Plaintiffs seek $74,500 in compensatory damages, as well as punitive damages.  Maryland law allows for punitive damages "when 'the plaintiff has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, i.e., "actual malice."'"  *Ellerin v. Fairfax Savings, F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995) (quoting *Owens-Illinois v. Zenobia*, 601 A.2d 633, 652 (Md. 1992)).  Significantly, Plaintiffs specifically allege that Comcast acted with malice when it entered upon Plaintiffs' property and dug a trench, after being told not to enter.  Compl. ¶ 16.  Thus, punitive damages are available as a matter of law, and Comcast has "show[n] by a preponderance of the evidence that [Plaintiffs] could be entitled to such punitive damages . . . if [they] prevail[]."  *Bowers*, 905 F. Supp. 2d at 701.  Consequently, "damages potentially in excess of the threshold are in controversy."  *Joy Family*, 2013 WL 4647321, at *7 n.13.  Therefore, this Court has diversity jurisdiction.  *See id.*; *Bowers*, 905 F. Supp. 2d at 701.

### III. *FORUM NON CONVENIENS*

Under the heading "Forum Non Conveniens," Plaintiffs argue that "[t]he Charles County Circuit Court is the most appropriate jurisdiction and venue for the trial of this matter." Pls.' Mot. 6. From this statement, I infer an argument that this Court should dismiss this case pursuant to the doctrine of *forum non conveniens* or transfer it pursuant to 28 U.S.C. § 1404(a). Again, Plaintiffs provide no legal authority to support their position, and none exists. "[T]he doctrine of *forum non conveniens* allows a district court having jurisdiction and proper venue to dismiss an action in its discretion because the action is more appropriate for resolution in a foreign jurisdiction." *Slight By & Through Slight v. E.I. DuPont De Nemours & Co.*, 979 F. Supp. 433, 436–37 (S.D. W. Va. 1997) (citing *Am. Dredging Co. v. Miller,* 510 U.S. 443, 447–48 (1994)). Dismissal under this doctrine "is appropriate only where the alternative forum is abroad." *Id.* at 437 n.3 (citing *Am. Dredging,* 510 U.S. at 449 n.2). The Charles County Circuit Court is not abroad, and therefore *forum non conveniens* is not a ground for dismissal. *See id.* Further, 28 U.S.C. § 1404(a), which provides for domestic transfers, "provides for transfers to more convenient *federal* forums," *id.*, and the Charles County Circuit Court is a state, not federal, court. Therefore I will not dismiss or transfer this case to state court on the basis of inconvenience. *See id.*

**IV.     CONCLUSION**

In sum, Comcast's notice of removal was timely and the amount in controversy satisfies the jurisdictional minimum. Additionally, neither the doctrine of *forum non conveniens* nor 28 U.S.C. § 1404(a) provides a basis for transferring this case to state court. Accordingly, it is this 23rd day of February, 2015, hereby ORDERED that Plaintiffs' Motion to Remand, ECF No. 19, IS DENIED.

/S/
Paul W. Grimm
United States District Judge

lyb